UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

Luis H. Martinez,

    Plaintiff,

v.

Waste Connections of Florida, Inc.,

    Defendant,

_____/

## COLLECTIVE ACTION COMPLAINT
### (OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now Plaintiff Luis H. Martinez and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendant Waste Connections of Florida, Inc., and alleges:

### Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages under United States laws. Accordingly, This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"), and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §§1332 and 1367.

2. Plaintiff Luis H. Martinez is a Miami, Dade County, Florida resident. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Waste Connections of Florida, Inc. (from now on, Waste Connections, or Defendant) is a Foreign Profit Corporation conducting business in Dade County.  At all

times material, Defendant was and is engaged in interstate commerce. Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

4. All the actions raised in this Complaint occurred within this Court's jurisdiction in Miami, Dade County, Florida.

<u>General Allegations</u>

5. Plaintiff Luis H. Martinez brings this cause of action as a collective action to recover from Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLSA or the "Act") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after February 2022, (the "material time") without being adequately compensated.

6. Defendant Waste Connections is a Florida Corporation that owns and operates a sanitation or trash collection and recycling business in Broward and Dade County. To provide these services, Waste Connections employed (and continues employing) numerous waste disposal drivers, mechanics, and maintenance employees, including Plaintiff and other similarly situated individuals of the asserted class.  Defendant Waste Connections has a place of business at 3840 NW 37th CT, Miami, FL 33142, where Plaintiff and other asserted class members worked.

7. The employer Waste Connections was engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A).  Defendant provides waste recollection services and is involved in the solid waste industry. Defendant has more than

two employees directly and recurrently engaged in interstate commerce by using the channels and instrumentalities of interstate commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is enterprise coverage.

8. Plaintiff and those similarly situated individuals were employed by an enterprise engaged in interstate commerce and performed activities in furtherance of an enterprise engaged in interstate commerce. Therefore, there is FLSA individual coverage.

9. Defendant Waste Connections employed Plaintiff Luis H. Martinez as a non-exempt, full-time, hourly employee from approximately April 01, 2012, to November 28, 2024, spanning over 12 years. However, for FLSA purposes, Plaintiff's relevant period of employment is 146 weeks.

10. Plaintiff held the position of maintenance technician. The plaintiff's duties included routine truck maintenance, such as checking batteries, oil, tires, brakes, lights, etc., to ensure proper vehicle running. Plaintiff had a wage rate of $29.00 an hour. Plaintiff's overtime rate was $43.50 an hour.

11. Plaintiff worked six days per week. From Monday to Friday, he worked from 4:00 AM to 2:00 PM (10 hours daily). On Saturday, he worked from 6:00 AM to 4:00 PM (10 hours). Plaintiff worked a total of 60 hours weekly. Plaintiff was not able to take bona fide lunchtime hours every day.

12. Plaintiff received weekly payments for both regular and overtime hours. However, Defendant unlawfully deducted 30 minutes per day, totaling three hours per week, for a

lunch break, even though Plaintiff was unable to take a bona fide lunchtime break at least three days every week.

13. The 1.5 hours unlawfully deducted as lunchtime constitute 1.5 unpaid overtime hours every week.

14. Thus, Plaintiff was not paid for all his overtime hours as required by law.

15. Plaintiff clocked in and out, and Defendant controlled his schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

17. Plaintiff was paid with direct deposits without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

18. On or around April 29, 2024, the Defendant terminated the Plaintiff's employment after the Plaintiff reported being sick.

19. Plaintiff Luis H. Martinez seeks to recover unpaid overtime wages for every hour worked over 40 during his employment, liquidated damages, and any other relief as allowable by law.

Collective Action Allegations

20. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

21. Plaintiff contends that Defendant, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

22. This action is intended to include every mechanic, technician, and any similarly situated individuals who worked for Defendant at any time during the past three (3) years.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME**

23. Plaintiff Luis H. Martinez re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This action is brought by Plaintiff Luis H. Martinez and those similarly situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant Waste Connections employed Plaintiff Luis H. Martinez as a non-exempt, full-time, hourly employee from approximately April 01, 2012, to November 28, 2024, spanning over 12 years.  However, for FLSA purposes, Plaintiff's relevant period of employment is 146 weeks.

26.  Plaintiff held the position of maintenance technician. Plaintiff had a wage rate of $29.00 an hour.  Plaintiff's overtime rate was $43.50 an hour.

27. Plaintiff worked six days per week. From Monday to Saturday a total of 60 hours weekly. Plaintiff was not able to take bona fide lunchtime hours every day.

28. Plaintiff received weekly payments for both regular and overtime hours. However, Defendant unlawfully deducted 30 minutes per day, totaling three hours per week, for a lunch break, even though Plaintiff was unable to take a bona fide lunchtime break at least three days every week.

29. The 1.5 hours unlawfully deducted as lunchtime constitute 1.5 unpaid overtime hours every week.

30. Thus, Plaintiff was not paid for all his overtime hours as required by law.

31. Plaintiff clocked in and out, and Defendant controlled his schedule and activities. Defendant knew the number of hours that Plaintiff and other similarly situated individuals were working.

32. Therefore, Defendant willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

33. Plaintiff was paid with direct deposits without paystubs providing accurate information such as the number of days and hours worked, wage rate, employee's taxes withheld, etc.

34. On or around April 29, 2024, the Defendant terminated the Plaintiff's employment after the Plaintiff reported being sick.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated and the compensation paid to such employees should be in the possession and custody of Defendant. However, Defendant did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

36. Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendant violated the Posting requirements of 29 USC § 516.4.

38. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

   a.  Total amount of alleged unpaid O/T wages:

       Nine Thousand Five Hundred Twenty-Six Dollars and 50/100 ($9,526.50)

   b.  Calculation of such wages:

       Total period of employment: More than 12 years
       Relevant weeks of employment: 146 weeks
       Total number of hours worked: 60 weekly
       Overtime hours: 20 hours weekly
       Unpaid O/T hours: 1.5 hours weekly (3 lunchtime hours)
       Hourly wage rate: $29.00 an hour x 1.5=$43.50 O/T
       O/T rate: $43.50

       Overtime for 1.5 hours unlawfully deducted lunchtime:
       $43.50 x 1.5 hours=$65.25 weekly x 146 weeks=$9,526.50

   c.  Nature of wages (e.g., overtime or straight time):

       This amount represents unpaid overtime wages.[1]

39. The Employer/Defendant failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendant made no provision to properly pay them at the rate

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves the right to amend the calculations.

of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

40. Defendant knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remained owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

41. Defendant Waste Connections willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

42. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action, and he is obligated to pay a reasonable attorney's fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Luis H. Martinez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Luis H. Martinez and other similarly situated individuals and against Defendant Waste Connections based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Luis H. Martinez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>Demand for a Jury Trial</u>

Plaintiff Luis H. Martinez demands a trial by a jury of all issues triable as of right by a jury.

Date: February 28, 2025

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, PA.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*