UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:25-cv-20965-BB

**LUIS H. MARTINEZ,**

        **PLAINTIFF,**

vs.

**WASTE CONNECTIONS OF FLORIDA, INC.,**

        **DEFENDANT.**

                                         /

## DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S FIRST AMENDED COLLECTIVE ACTION COMPLAINT

Defendant, WASTE CONNECTIONS OF FLORIDA, INC. ("Defendant"), by and through its undersigned counsel, answers the First Amended Collective Action Complaint filed by Plaintiff, LUIS H. MARTINEZ ("Plaintiff"), in the above-referenced case as follows:

Jurisdiction, Venues and Parties

1.    Admitted that this is an action seeking monetary damages for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Further admitted, for jurisdictional purposes only, that this Court has jurisdiction. Otherwise, denied. Specifically denied that Defendant violated any law or that Plaintiff is entitled to the relief sought.

2.    Without knowledge as to Plaintiff's residency; therefore, denied.

3.    Admitted that Defendant conducts business in Dade County and employed Plaintiff. The allegations in Paragraph 3 are legal conclusions to which no response is required. To the extent a response is required, the allegations are denied. Specifically denied that collective action treatment is appropriate or that there are similarly situated employees.

4.      Admitted for venue purposes only.

5.      Admitted that this is an action seeking monetary damages for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Specifically denied that Defendant violated any law or that Plaintiff is entitled to the relief sought. Further denied that collective action treatment is appropriate or that there are similarly situated employees.

6.      The first sentence is admitted. The second sentence is admitted except it is denied that there are any employees similarly situated to Plaintiff. Admitted that Defendant has a place of business at 3840 NW 37th Ct, Miami, FL 33142. Any allegations not specifically admitted herein is denied.

7.      The first sentence calls for a legal conclusion to which no response is required. To the extent a response is required, it is denied. The second, third and fourth sentence are admitted. The remaining allegations call for a legal conclusion to which no response is required. To the extent a response is required, it is denied.

<u>General Allegations</u>

8.      The allegations in Paragraph 8 call for a legal conclusion to which no response is required. To the extent a response is required, it is denied.

9.      The first sentence is denied to the extent that Defendant employed Plaintiff from April 9, 2012, to November 29, 2024, not from April 1, 2012, to November 28, 2024. The remaining allegations in this paragraph are denied.

10.     The first sentence is denied to the Plaintiff held the position of Mechanic, not maintenance technician. The remaining allegations are admitted.

11.     The allegations are Paragraph 11 are denied. Specifically, the first sentence is denied Plaintiff was scheduled to work alternating Saturdays and did not work 6 days per week every week. The remaining allegations are denied to the extent that the hours worked by Plaintiff each week varied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     The first sentence is denied to the extent that Defendant terminated Plaintiff on November 29, 2024, not April 29, 2024. The remaining allegations in this paragraph are denied.

20.     Without knowledge, therefore denied.

<u>Collective Action Allegations</u>

21.     Admitted for jurisdictional purposes only. Specifically denied that collective action treatment is appropriate or that there are similarly situated employees.

22.     Denied.

23.     Denied.

**<u>COUNT I:</u>**
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME</u>**

24.     Defendant reasserts and incorporates its responses to Paragraphs 1 through 23, above.

25.     Admitted that this is an action seeking monetary damages for alleged unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). Specifically denied that Defendant violated any law, that there are similarly situated employees, or that Plaintiff is entitled to the relief sought.

26.     The first sentence is denied to the extent that Defendant employed Plaintiff from April 9, 2012, to November 29, 2024, not from April 1, 2012, to November 28, 2024. The remaining allegations in this paragraph are denied.

27.     The first sentence is denied to the Plaintiff held the position of Mechanic, not maintenance technician. The remaining allegations are admitted.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied

34.     Denied.

35.     Denied.

36.     The first sentence is denied to the extent that Defendant terminated Plaintiff on November 29, 2024, not April 29, 2024. The remaining allegations in this paragraph are denied.

37.     Admitted Defendant maintains time and payroll records. The remaining allegations in this paragraph are denied.

38.     Denied.

39.     Denied.

40.     Without knowledge, therefore denied.

41.     Denied

42.     Denied.

43.     Denied.

44.     Without knowledge, therefore denied.

<u>Prayer for Relief</u>

Any and all relief sought in the Prayer for Relief is denied including subparts A-E.

<u>Demand for a Jury Trial</u>

Defendant acknowledges that Plaintiff demands a trial by jury.

## GENERAL DENIAL

Defendant denies every allegation of the Amended Complaint not specifically admitted in this Answer.

## DEFENSES

Without admitting that Defendant bears the burden of proof or persuasion as to any issue, Defendant asserts the following defenses to the Amended Complaint:

## FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff and/or some or all of the putative collective action members' claims are barred, in whole or in part, by the applicable statute(s) or other periods of limitation.

## THIRD DEFENSE

Plaintiff and/or some or all of the putative collective action members' claims are barred, in whole or in part, by the equitable doctrines of unclean hands, and/or waiver.

**FOURTH DEFENSE**

Plaintiff and/or some or all of the putative collective action members' claims are barred by the doctrines of *res judicata*, judicial estoppel, and/or collateral estoppel.

**FIFTH DEFENSE**

Plaintiff and/or some or all of the putative collective action members' claims are barred, in whole or in part, because they lack standing to pursue those claims.

**SIXTH DEFENSE**

Plaintiff and/or some or all of the putative collective action members are not entitled to some or all of the relief requested in the Amended Complaint because, even if any unlawful practice or conduct occurred, which Defendant specifically denies, such practice/conduct was prohibited by applicable policy and was not committed, authorized, or approved by Defendant.

**SEVENTH DEFENSE**

Defendant has at all times attempted, in good faith, to comply with the provisions of the FLSA, and had reasonable grounds for believing it was in compliance.

**EIGHTH DEFENSE**

Defendant acted in conformity with and in reliance on written administrative regulations, orders, rulings, practices, interpretations and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor and all state agencies charged with enforcement of state wage and hour laws.

**NINTH DEFENSE**

No act or omission of Defendant which is alleged to violate the FLSA was willful, knowing or in reckless disregard for the provisions of the law, and Plaintiff and/or some or all of the putative

collective action members are not entitled to penalty, multiplication of or addition to damages (including liquidated damages).

**TENTH DEFENSE**

In calculating overtime liability (if any), Defendant is entitled to exclusion of all elements of Plaintiff and/or some or all of the putative collective action members' compensation that are excludable from an employee's regular rate under federal or state law for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

**ELEVENTH DEFENSE**

Defendant is entitled to a credit against any overtime owed (if any) to Plaintiff and/or some or all of the putative collective action members for any amounts permitted under federal or state law to be credited toward an employer's overtime liability, included, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h).

**TWELFTH DEFENSE**

The damages incurred by Plaintiff and/or some or all of the putative collective action members (if any) must be reduced or eliminated by any setoffs and credits for (1) all overpayments of compensation to Plaintiff and/or some or all of the putative collective action members, (2) sums which Plaintiff and/or some or all of the putative collective action members received during the course of their employment with Defendant for reasons other than for work performed for Defendants, and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff and/or some or all of the putative collective action members under the FLSA.

## THIRTEENTH DEFENSE

The claims of Plaintiff and/or some or all of the putative collective action members fail in whole or in part under the *de minimis* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

## FOURTEENTH DEFENSE

Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, because Plaintiff and/or some or all of the putative collective action members have waived and/or released such claims in exchange for adequate consideration.

## FIFTEENTH DEFENSE

Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred because they received all payments to which they were entitled.

## SIXTEENTH DEFENSE

Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, by the equitable doctrine of laches inasmuch as they have inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

## SEVENTEENTH DEFENSE

The claims of Plaintiff and/or some or all of the putative collective action members may be barred, and/or their damages (if any) may be limited or foreclosed under the after-acquired evidence doctrine.

**EIGHTEENTH DEFENSE**

Some or all of the claims of Plaintiff and/or some or all of the putative collective action members are barred, in whole or in part, by the principles of accord and satisfaction and/or payment.

**NINETEENTH DEFENSE**

Plaintiff and/or some or all of the putative collective action members' damages are limited to the extent they have failed to mitigate their damages (if any).

**TWENTIETH DEFENSE**

Plaintiff and/or some or all of the putative collective action members' claims are barred to the extent they seek remedies beyond those provided for by the FLSA.

**TWENTY-FIRST DEFENSE**

Plaintiff and/or some or all of the putative collective action members' claims are barred as to all hours allegedly worked of which Defendant lacked constructive or actual knowledge.

**RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional defenses in accordance with law and to seek attorneys' fees and costs under any applicable statute.

**WHEREFORE**, Defendant respectfully requests that this Court: (a) grant judgment in its favor and against Plaintiff(s); (b) award Defendant its taxable costs incurred in connection with the instant action; and (c) grant Defendant such other and further relief as it deems just and proper.

Dated: April 22, 2025                                     Respectfully submitted,


                                                         *s/ Joyce Ackerbaum Cox*
                                                         Joyce Ackerbaum Cox, Esq.
                                                         Florida Bar No.: 0090451
                                                         Email:  jacox@bakerlaw.com


9

BAKER & HOSTETLER LLP
200 South Orange Avenue, Suite 2300
Orlando, FL 32801
Telephone:  407.649.4000
Facsimile:  407.841.0168

***Attorney for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that, on April 22, 2025, a true and correct copy of the foregoing has been electronically filed with Clerk of the Court using the Court's CM/ECF system, which will send notification of electronic filing to all counsel of record.

*s/ Joyce Ackerbaum Cox*
Joyce Ackerbaum Cox

4924-9635-3078.2

10